IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                  Nos.   06-3111-SAC
                                                  04-40008-01-SAC

DAVID G. PFLUM,

           Defendant.

MEMORANDUM AND ORDER

The defendant has timely filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Dks. 112 and 113). With the government's response (Dk. 116) and the defendant's reply (Dk. 120) now on file, the briefing is complete, and motion is ripe for decision.

**PROCEDURAL HISTORY**

In an eleven-count second superseding indictment, David G. Pflum was charged with eight counts of willful failure to collect and truthfully account for and pay over federal employment taxes in violation of 26 U.S.C. § 7202 and with three counts of willful failure to file federal income tax returns in violation of 26 U.S.C. § 7203. The jury returned its verdict on August 30, 2004, finding the defendant guilty of all eleven counts. The verdict included the jury's answers to

special interrogatories asking for the amount of due and owing federal employment taxes that were not collected or truthfully accounted for and paid over for each of the first eight counts and the amount of federal income taxes that were due and owing from the defendant for each tax year respectively charged in the last three counts.  The jury's finding of tax loss on the verdict form totaled $573,953.00.  The court used that loss figure in calculating the Guideline sentencing range of 27-33 months and sentenced the defendant to 30 months of imprisonment.

The defendant appealed his conviction and sentence arguing the trial court had erred in two regards:  (1) in refusing to give the defendant's proposed instruction on "willfulness,"  and (2) in denying the defendant's motion to strike portions of the testimony given by two witnesses who were agents with the Internal Revenue Service.  The Tenth Circuit held that the jury was "more than adequately instructed" on the government's burden to prove that the defendant knew of his legal duty under the tax laws.  (Dk. 111, p. 7).  On the second issue, the Tenth Circuit summarized the testimony, objections, and ruling as follows:

> On cross-examination IRS Special Agent Henry Herron testified that the rate of income tax withholding was 28%, a figure that he said was in the federal Sentencing Guidelines, but could be found in the United States Code as well. Agent Abbe Stewart later testified on cross-examination that wage withholding is governed by IRS publication Circular E.  On redirect, she testified that the 28% figure could be found in 26 C.F.R. § 31.3402(g)(1).  After the government rested, Mr. Pflum moved to strike the testimony.  His

> counsel argued that the regulation cited by Agent Stewart related only to supplemental wages and did not mention a 28% figure. He also argued that Circular E had no legal effect because it was not published in the regulations. The district court denied the motion, but gave Mr. Pflum leave to raise it again. The motion was renewed at the close of the evidence and denied again without comment by the court.

(Dk. 111, pp. 7-8). On appeal, the defendant conceded the Agent's testimony at issue "affected only his sentence calculation." *Id*. at p. 8. That part of the testimony challenged by the defendant concerned only the calculated amount of tax loss. "The jury did not need to find a specific amount of tax loss to convict Mr. Pflum on any of the counts." *Id.* The trial court had submitted the question on the amount of tax loss to the jury only to avoid potential sentencing problems created by *Blakely v. Washington*, 524 U.S. 296 (2004). *Id*. The Tenth Circuit affirmed the evidentiary rulings without addressing the merits of the defendant's motion to strike. It found that the defendant's motion to strike was not a timely objection to the evidence when received. In waiting until after the government had rested, the defendant's "belated objection deprived the government of the opportunity to cure any potential defects in the testimony." *Id*. at 11-12.

**STANDARDS GOVERNING § 2255 MOTIONS**

"'Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a

motion pursuant to § 2255.'" *United States v. Walters*, 163 Fed. Appx. 674, *677-678 (10th Cir. 2006) (quoting *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989)).  This rule does not foreclose a defendant from raising issues that differ from those pursued on direct appeal.  *United States v. Gordon*, 172 F.3d 753, 756 (10th Cir. 1999).  Claims raised and decided on direct appeal, however, may not be reasserted in a § 2255 motion.

At the same time, "[re]view under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."  *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1879 (2006).  Consequently "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review."  *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).  To overcome this procedural bar, the movant must establish either good cause for not raising the issue earlier and resulting actual prejudice to his defense from the court's failure to consider this claim, or a fundamental miscarriage of justice from not considering the claim.  *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).  Good cause may be met by showing a claim that "was so novel that its legal basis [was] not reasonably available to counsel" or "by showing that counsel

4

rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations and quotation omitted).

The defendant here contends he was denied effective assistance of counsel at trial because the Tenth Circuit on appeal found that the defendant's objection to the IRS agents' testimony on the federal income tax withholding rate was not timely. "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Williamson v. Ward*, 110 F.3d 1508, 1513-14 (10th Cir. 1997) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)). As laid out in *Strickland v. Washington*, 466 U.S. 668 (1984), it is the defendant's burden to show that (1) counsel's performance was deficient, that is, "counsel's representation fell below an objective standard of reasonableness," *id*. at 687-88, and that (2) counsel's deficient performance prejudiced the defense, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.[1] In evaluating claims of this

---

[1] Because the defendant must demonstrate both *Strickland* prongs–unreasonable representation and actual prejudice--to establish his claim, 466 U.S. at 692, a failure to prove either one is dispositive of the § 2255 motion. *Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000) ("The performance component

5

nature, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

A court must grant an evidentiary hearing on the defendant's motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U .S.C. § 2255. No hearing is required where the factual matters raised by the defendant's § 2255 petition may be resolved on the record before the court. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). "To be entitled to an evidentiary hearing . . . the [defendant] must 'allege[ ] facts which, if prove[n], would entitle him to relief.'" *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*.

The court finds that a hearing on the defendant's motion is not necessary. The files and the records in this case fully address the issues raised in

---

need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'") (quoting *Strickland*, 466 U.S. at 697) .

6

the defendant's motion and conclusively show that he is not entitled to the relief he seeks. A hearing is not required on the defendant's motion.

**DEFENDANT'S ARGUMENTS**

The defendant argues his trial counsel was ineffective in not objecting to the Government's exhibits six and seven which were spreadsheets naming the defendant's employees, identifying their wages, and computing the federal employment taxes (Social Security, Medicare and federal income tax) that should have been withheld. Agent Henry Herron testified that exhibit seven employed a 28% rate in calculating the federal income tax component of the withholding taxes and that this rate is statutorily authorized for estimating income taxes when taxpayer information required on a W-4 form has not been submitted. (Dk. 85, pp. 160-63, 168-69). Even though this 28% rate of federal income tax withholding apparently came from the Sentencing Guidelines, the defense counsel stipulated to the admission of exhibit seven. The defendant further complains his trial counsel should have objected to Agent Herron's testimony at that point.

With regard to the testimony of Agent Abbe Stewart, defense counsel elicited testimony on the manner of calculating federal employment taxes to be withheld from an employee's wages. This was not a subject directly addressed during direct examination. Agent Stewart testified that the amount of income tax to

7

withhold is determined from the payroll tax tables published each year in Circular E using the information found on an employee's W-4 form. (Dk. 85, pp. 192-195). On redirect, Agent Stewart further explained that when W-4 forms are unavailable, a rate of 28% is used. (Dk. 85, p. 196). The defendant's position in his § 2255 motion is that his counsel should have timely objected to the very testimony he sought to elicit from Agent Stewart on the application of Circular E. He further complains that his counsel should have filed a motion to suppress the government's introduction of testimony on the Circular E. The defendant, however, does not cite any part of the record showing the government to have introduced such testimony.

**ANALYSIS AND HOLDING**

The defendant's motion can be summarily denied for failure to show that his counsel's untimely objections prejudiced his defense such that but for his counsel's errors the result of the trial or his sentence would have been different. Using his § 2255 hindsight, the defendant considers one of his "main defenses" to have been the exclusion of "any evidence regarding the amount of taxes he was supposed to have withheld or paid." (Dk. 113, p. 3). The record in this case establishes that the amount of tax loss was never a "main defense" at trial and that the defense counsel's untimely objection did not prejudice the defendant in his

conviction or sentence.

The defendant argues prejudice in his convictions in that without the federal income tax withholding amounts, "the jury could not (sic) well have concluded that there was no way to know how much if any should have been withheld from Petitioner's employees, therefore found him not guilty." (Dk. 113, p. 6). This argument wrongly presumes prejudice[2] from the untenable proposition that the jury would have reached a verdict in contravention of the court's instructions and of the evidence admitted at trial. The jury was instructed here that the amount of the federal employment taxes to be withheld was not an element of the 26 U.S.C. § 7202 offenses as charged. (Dk. 82, pp. 23-24).[3] On direct appeal, the defendant

---

[2]The prejudice prong on an ineffective assistance claim is not merely debatable, for the court must presume that a jury would act rationally and consider the evidence pertaining to each count and follow the law as given them. *See Strickland*, 466 U.S. at 694-95. ("An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.").

[3]In Instruction No. 11, the jury was told: "In deciding whether the defendant is guilty on these counts, you need not determine whether the evidence establishes that the amount of federal employment taxes that were not collected or truthfully accounted for and paid over is the same amount as that alleged in the second superseding indictment. You must be satisfied beyond a reasonable doubt, however, that some amount of federal employment taxes were not collected or truthfully accounted for and paid over for that alleged quarter. If you find the defendant guilty of a count, then it will be your duty to determine what the evidence

conceded that the challenged testimony of Agents Herron and Stewart on the amount of withholding taxes "affected only his sentence," not his convictions. (Dk. 111, p. 8). The Tenth Circuit confirmed the defendant was correct in making this concession: "The jury did not need to find a specific amount of tax loss to convict Mr. Pflum on any of the counts." *Id*. "The amount of tax loss was submitted to the jury solely to prevent any potential sentencing problems that might arise in light of *Blakely*." *Id*. The prejudice argued here also overlooks the evidence admitted at trial and not disputed then or now concerning the amounts of other § 7202 federal employment taxes which never deducted or withheld from his employee's wages and paid over. Thus, an acquittal was not reasonably probable in the absence of the agents' challenged testimony or exhibit seven on the withholding amounts of federal employment taxes that included the federal income taxes as calculated by the contested rate of 28%.

The defendant argues prejudice in his sentence that without the

---

establishes beyond a reasonable doubt as to the amount of federal employment taxes which were not collected or truthfully accounted for and paid over during that alleged quarter. The verdict form lays out the questions you will need to answer in determining this amount." (Dk. 82, pp. 23-24). Because the amount of federal employment taxes is not an element requiring proof for a conviction under 26 U.S.C. § 7202, the suppression of evidence on this amount would not have been cause for dismissing the § 7202 counts.

challenged testimony the jury could not have determined this amount and he could have then constitutionally attacked the court's calculation of loss as not being made by proof beyond a reasonable doubt. This argument again wrongly presumes the court would have then committed constitutional *Booker* error if the challenged testimony had not been admitted at trial. The defendant offers nothing that approaches his burden of proving a different sentence or outcome by a reasonable probability. The defendant is unable to show that the challenged testimony was inadmissible in a sentencing proceeding in which a jury or the court was serving as the factfinder. We know here from the verdict what a reasonable jury would have found considering the challenged testimony and applying a reasonable doubt standard. We also know from the alternative sentence imposed here what the sentencing court would have done if the Guidelines had been only advisory at the time of sentencing. The defendant has not shown a reasonable probability of a different outcome in the sentencing proceeding or in any appeal of his sentence assuming a timely objection at trial had been made. Moreover, the defendant does not attempt to demonstrate that upon a timely objection the government would have been unable to cure any potential defects in the agents' testimony on the manner of calculating the amount of federal income tax withholdings. (Dk. 111, p. 12). In sum, the defendant cannot claim prejudice to his sentence from his counsel's

11

deficient performance in not making a timely objection at trial.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Dks. 112 and 113) is denied.

Dated this 27th day of June, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge