IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                          Nos.  06-3111-SAC
                                      04-40008-01-SAC

DAVID G. PFLUM,

        Defendant.

MEMORANDUM AND ORDER

By order filed June 28, 2006, (Dk. 121), the court denied the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Dks. 112 and 113). The defendant has filed a notice of appeal (Dk. 123) and requests this court to issue a certificate of appealability. (Dk. 122). The defendant asserts his constitutional right to effective assistance of counsel was denied when his counsel failed to make a timely objection to the government's exhibits six and seven.

An appeal from a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a judge or circuit justice issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The certificate issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). "'Where a district court has rejected the constitutional claims on the merits,' the prisoner 'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Warnick v. Booher*, 425 F.3d 842 (10th Cir. 2005) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), "'or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further,'" *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), *cert. denied*, 126 S. Ct. 2318 (2006). A court in determining whether to issue a certificate reviews the claims being argued in the § 2255 petition and generally evaluates their merits. *Silva*, 430 F.3d at 1096. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims" and, "[i]n fact, the statute forbids it." *Id.* (quoting *Miller-El*, 537 U.S. at 336).

In his request for a certificate, the defendant summarizes his issues for appeal as follow. Counsel was ineffective in failing to object to the government's exhibits six and seven. These exhibits calculated the employees' income "taxes that should have been withheld according to the Circular E Government IRS Publication." (Dk. 122, p. 3). The defendant contends his counsel should have objected to these calculations because the tax withholding tables appearing in

Circular E were never published in the Federal Register.  The defendant relies on

his trial counsel's brief submitted in support of his motion to strike and his Rule 29

motion.

        The court's ruling on the defendant's § 2255 motion does not involve

issues adequate or worthy of further proceedings, nor is it a ruling over which

jurists of reason would find debatable or wrong.  As spelled out in its

memorandum and order, the court found the defendant had not shown a reasonable

probability that but for his counsel's untimely objections the result of his trial or

sentence would have been different.  The calculation of the employees' income

taxes subject to withholding was never a main defense or issue at trial.  The jury

was instructed that for a conviction under 26 U.S.C. § 7202 it had only to find

some amount, not a particular amount, of federal employment taxes was not

collected.  The defendant's ineffective assistance claim concerns only the

employees' income tax component of the federal employment taxes, and he does

not challenge the government's evidence concerning the calculation of the

Medicare and Social Security components to the gross federal employment taxes

that the defendant failed to account for and collect.  Notwithstanding counsel's

failure to object timely to the government agents' testimony regarding Circular E

or to the government's use of the 28% withholding rate for employees' federal

income taxes, the evidence at trial was undisputed that the defendant failed to account for and collect the Medicare and Social Security components of the federal employment taxes during the relevant period.  Moreover, the defendant's argument that these evidentiary disputes affected his conviction is foreclosed by the Tenth Circuit's holding on direct appeal that the defendant's conviction did not require a finding from the jury as to a specific amount of tax loss.  Finally, the defendant has failed to show how timely objections from his counsel would have affected his sentencing, as the uncontested evidence at trial and at sentencing indicated the 28% withholding rate was the appropriate rate for calculating loss under the Sentencing Guidelines.  In short, the defendant is unable to claim in his § 2255 motion any prejudice to his conviction or sentencing by his counsel's failure to lodge a timely objection to testimony and exhibits regarding the tax withholding tables based on the challenged "validity" of Circular E in not being published in the Federal Register.

IT IS THEREFORE ORDERED that the defendant's request for the issuance of a certificate of appealability (Dk. 122) is denied.

Dated this 28th day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

4