IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                                                          No. 04-40008-01-SAC

DAVID G. PFLUM,

        Defendant.

MEMORANDUM AND ORDER

Convicted in 2004 on eight counts of willful failure to collect and truthfully account for and pay over federal employment taxes in violation of 26 U.S.C. § 7202 and on three counts of willful failure to file federal income tax returns in violation of 26 U.S.C. § 7203, David G. Pflum was sentenced to 30 months of imprisonment. His conviction was affirmed on direct appeal. (Dk. 111). His motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Dk. 112) was denied by this court, (Dk. 121), as was his request for a certificate of appealability ("COA") (Dk. 127). The Tenth Circuit likewise denied a COA and dismissed his § 2255 appeal. (Dk. 131).

In March of 2007, Mr. Pflum was released from prison and began serving his two-year term of supervised release. In 2008, Mr. Pflum was found to have violated several conditions of supervised release, and in 2009, he was sentenced to seven months' incarceration without a subsequent term of supervised release. Other than some procedural matters handled in May of

2009, the court's docket sheet shows no other filings until August 16, 2013, when Mr. Pflum filed in this case the unique pleading entitled: "Document-Contract-Federal Postal-Station-Court-Venue (D.-C.-F.-P.-S.-C.-V.) of the Quo-Warranto-Complaint-Document." (Dk. 165). The clerk docketed this pleading as a "Notice to Court." (Dk. 165). This pleading appears to be signed and fingerprinted by Mr. Pflum and by Mr. David-Wynn Miller, who is identified in the body of the document as a "Federal-Postal-Judge" with an address in Milwaukee, Wisconsin.

It would appear that Mr. Pflum intends to burden the record of this closed criminal case with a frivolous line of litigation that has been pursued by David Wynn Miller or others in different courts and there dismissed as "incomprehensible," consisting of "indecipherable and nonsensical words and symbols," "nonsensical conclusory statements," "unintelligible," "completely incoherent," and appearing "to rest on a language, syntax and grammatical structure of the plaintiff's own creation" that is lacking "a single comprehensible allegation of fact." *See Brooker v. United States*, 107 Fed. Cl. 52, 54-55 (Fed. Cl. 2012) (internal quotation marks omitted and citations include, *see, e.g. Gould v. Las Animas, Colorado County Court*, 2012 WL 3440135 (D. Idaho Aug. 13, 2012); *Bozorgi v. World Sav. Bank, FSB*, 2012 WL 1253023 (S.D. Ca. Apr. 13, 2012); *Bange v. Post*, No. 11-1375-EFM-KGG (D. Kan. Jun. 11, 2012); *Kaihana v. District Court of the First Circuit, Waianae*,

2012 WL 928705 (D. Haw. Mar. 16, 2012)); *see also Abalos v. Greenpoint Mortg. Funding, Inc.*, 2013 WL 3243907 (N.D. Cal. 2013); *Miller v. Michael Burnett & Matthews, LLP*, 2012 WL 909462 (S.D. Cal. 2012). The court has compared the instant filing and its arcane language and its reliance on this largely incoherent doctrine referred to as, "C.-S.-S.-C.-P.-S.-G.=Correct-Sentence-Structure-Communication-Parse-Syntax-Grammar" with filings advocated by Mr. Miller in other courts. *See, e.g.*, *Borkholder v. PNC Bank*, 2012 WL 3256888 at *1-*2 (N.D. Ind. 2012). The resemblance is plain and unmistakable. Courts have found such filings to have been made in "bad faith" and to have demonstrated "conduct which abuses the judicial process." *Brooker*, 107 Fed. Cl. at 58 (internal quotation marks and citations omitted). In the exercise of their inherent power and discretion to deal with such abuses, the courts have imposed filing sanctions. *Id.* Most recently, one federal court has observed:

> A search of for Mr. Miller's name in the Public Access to Court Electronic Records (PACER) database reveals that he has filed at least 82 lawsuits in federal courts throughout the country since 1995, and may have helped prepare many more. *See, e.g., Deutsche Bank Nat. Trust Co. v. Halajian*, Case No. 1:12–CV–00447 LJO, 2012 WL 1076218, at *4 (E.D.Cal. Mar.29, 2012) (noting that the defendant who filed an "incomprehensible and plainly frivolous" submission in that case was "apparently employing activist David Wynn Miller's" language). Recently, Mr. Miller's pace has quickened; he has filed 42 lawsuits just in the last year to date. The court has reviewed all 42 of these complaints. Each one is written in the same unintelligible style as the complaint in this action.
> At least four district courts have imposed pre-filing screening orders that bar Mr. Miller from filing future suits in those

districts without first obtaining leave of court. *Lawerenez v. Finn*, Case No. 2:97–cv–00781–RTR, ECF Nos. 14 & 15 (E.D.Wis. Oct. 31, 1997); *Brooker v. United States*, 107 Fed. Cl. 52, 58 (Fed.Cl.2012); *Giron v. Chase Home Mortgage Finance, LLC*, Case No. 1:12–cv–00033–MV–RHS, ECF No. 37 (D.N.M. July 28, 2012); *In re David Wynn Miller*, Case No. 1:12–cv–00672–SOM–BMK, ECF No. 6 (D.Haw. Jan. 2, 2013).

. . . .

Most dismissals were for failure to prosecute, usually because Mr. Miller and his co-plaintiffs failed to adequately amend their complaint after courts initially found them inadequate. . . . [citations omitted].

The few times a court of this district has reached the merits of one of Mr. Miller's complaints, it has dismissed it. *Miller v. Washington Mutual Bank*, Case No. 5:12–cv–03979–RMW (Oct. 23, 2012, report and recommendation adopted, Dec. 3, 2012); *Pastor v. New Century Mortgage Corporation*, Case No. 4:12–cv–01253–DMR (June 27, 2012) (dismissal for failure to prosecute and for lack of subject-matter jurisdiction). *See also San Juan v. Wells Fargo Bank*, Case No. 3:12–cv–02529–CRB, 2013 WL 1501458, at *2 (N.D.Cal. Apr.11, 2013) (concluding that Mr. Miller's complaint was "largely nonsensical," but dismissing instead on the grounds that the complaint had been voluntarily dismissed).

In addition to the districts listed above, numerous other district courts have dismissed Mr. Miller's complaints for being unintelligible. *See, e.g., Miller v. Korte*, 2002 WL 32350068, at *1 (W.D.Wis. Sep.11, 2002); *Packer v. Rowe*, 2008 WL 1946036, at *3 (E.D.Cal. May 1, 2008); *Tomas v. Aegis Mortgage Co.*, 2011 WL 320901, at *3 (S.D.Cal. Jan.28, 2011); *Charov v. Greenpoint Mortgage Funding Inc.*, CV–11–0007–PHX–LOA, 2011 WL 767296, at *1 (D.Ariz. Mar.1, 2011); *Schwartz v. Interra Credit Union*, 3:12 CV 413, 2012 WL 4741588 (N.D.Ind. Oct.3, 2012).

On the basis of this record, the court is considering declaring Mr. Miller a vexatious litigant and ordering that his future filings to be screened before docketing to determine whether they are similarly unintelligible.

*Abalos v. Greenpoint Mortg. Funding, Inc.*, 2013 WL 3243907 at *3-*4.

Besides being incomprehensible, Mr. Pflum's filing contains unintelligible references to civil rights statutes, the False Claims Act, fraud,

4

conspiracies, and damages. None of which, in the court's opinion, allege any legally cognizable ground for granting any relief in this criminal case that was finished in 2009 when Mr. Pflum completed his final term of incarceration and was released without further supervision. Mr. Pflum's filing, entitled a "complaint," appears to be an attempt to commence a new civil suit for damages, and so it should be filed as a separate case and subjected to the filing fee requirements. Even if the court had construed the filing otherwise, there is no valid basis for allowing Mr. Pflum to proceed with this complaint in this closed criminal case. Thus, the court hereby dismisses the notice and denies Mr. Pflum any relief in this criminal case on the basis of that notice. Should Mr. Pflum persist with such frivolous filings, the court will not hesitate to follow the lead of the other courts and impose appropriate filing sanctions.

IT IS THEREFORE ORDERED that Mr. Pflum's Notice (Dk. 165) is dismissed and no relief is granted in this criminal case.

Dated this 21st day of August, 2013, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge